IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. G-06-04 |
| § | |
| DANIEL YEH § | |

## REPORT AND RECOMMENDATION

On July 20, 2006, this Court commenced an Evidentiary Hearing on the issue of the mental competence of Defendant, Daniel Yeh, to stand trial in this cause. The Hearing was completed on July 21, 2006. Now, after careful consideration of the evidence and the arguments of counsel, the Court submits this Report and Recommendation to the District Court.

On March 2, 2006, an Indictment was filed against Daniel Yeh accusing him of 22 counts of wire-fraud and 17 counts of filing false claims to illegally procure disaster relief funds from the Federal Emergency Management Agency following Hurricane Katrina. Yeh's scheme involved phony claims that Hurricane evacuees were staying at the Flagship Hotel in Galveston, Texas.

On March 7, 2006, counsel for Yeh filed a Motion for Psychological Evaluation alleging Yeh was not competent to stand trial. At first, the Government opposed the Motion; however, on March 17, 2006, the Government withdrew its opposition. After the Parties could not reach an agreement on a mutually acceptable expert, the Court appointed Dr. Victor Scarano, a well-credentialed forensic psychiatric who is also a licensed attorney. On June 12, 2006, following his examination of Yeh, Dr. Scarano issued a report containing his opinion that Yeh was incompetent. The Evidentiary Hearing was therefore scheduled.

At the Hearing, Dr. Scarano testified that as a result of three surgical procedures to remove recurrent tumors from Yeh's brain, the latest being performed on February 21, 2006, Yeh suffers from an organic brain disorder which has rendered him legally incompetent. The Government disputed Dr. Scarano's diagnosis and vigorously cross-examined him with evidence of anecdotal activities Yeh had recently engaged in which indicate that he is more than mentally competent. Nevertheless, Dr. Scarano was unmoved. He opined that despite Yeh's actions, he was legally incompetent and not likely to ever regain competence. Dr. Scarano recommended that Yeh be evaluated at the Institute of Research and Rehabilitation to determine whether he would be a candidate for a brain trauma rehabilitation program; medical facilities operated by the Bureau of Prisons would be, in his opinion, inappropriate because they are designed to deal with psychiatric disorders, not brain injuries.

Undeterred, the Government called three lay witnesses to provide evidence inconsistent with Dr. Scarano's diagnosis. First, the Government call William Helfand, a lawyer well known and well respected by this Court. Helfand testified that he had become familiar with Yeh through his representation in the City of Galveston in the familiar and protracted litigation against Yeh involving the Flagship Hotel. From his contacts with Yeh at depositions and court hearings, Helfand found Yeh to be an intelligent and well informed individual who seemed to understand the legal issues in the civil litigation. Helfand last spoke with Yeh on November 22, 2005, and was surprised when he later heard that Yeh's mental competence had become an issue in this cause; especially since his civil attorneys had made no mention of that fact at a Status Conference on July 3, 2006, during discussions over taking Yeh's deposition in a Bankruptcy proceeding.

Next, the Government called Joshua West, a student at the University of Houston, who had taken a mid-level computer science course in Digital Logic Design taught by Yeh in the fall semester

of 2005. West related how Yeh gave the course lectures and worked out problems for the students to see during class. He testified that Yeh gave reasonable answers to student's questions and seemed to be familiar with the course material.

Finally, the Government called Keith Taggert, a lawyer and realtor in Oklahoma City. Taggert testified that he had represented a client who wanted to buy a hotel in Oklahoma City owned by Hotel Link, LLC. Yeh had an ownership interest in Hotel Link and negotiated the 1.3 million dollar sale with Taggert over a number of months until the deal closed on January 30, 2006. He testified that Yeh seemed to have a complete understanding of the real estate transactions involved in the sale. Taggert testified that he never suspected Yeh was incompetent and was very surprised when he heard that the issue had arisen given the complex nature of the recent sales transactions. He also related that as late as June and July of this year he had been in contact with Yeh about some complications related to the hotel sale and Yeh had been very helpful in resolving them. Taggert called Yeh "one of the most honorable people" he had ever worked with and said he would not hesitate at all to deal with Yeh now.

This is not an easy call. The Government has presented some troublesome evidence. But Dr. Scarano testified that despite actions by Yeh similar to those related by the lay witnesses, his evaluation had ruled out any malingering and his expert opinion remained that "Dr. Yeh is presently suffering from a profound mental disease or defect that *renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.*" (emphasis supplied)   Under these circumstances, the Court feels compelled to err, if at all, on the side of Yeh, rather than proceed to a questionable trial.

This Court, therefore, **FINDS** that Yeh is presently incompetent to stand trial and **RECOMMENDS** that the District Court accept that finding and, pursuant to 18 U.S.C. § 4241(d)(1),

3

order Yeh **COMMITTED** to the custody of the Attorney General for a reasonable period of time, not to exceed four (4) months, to determine whether there is a substantial possibility that he will attain the capacity to permit the trial to proceed.

As mentioned above, Dr. Scarano voiced the opinion that it would be preferable to send Yeh to the Institute of Research and Rehabilitation and this Court would, therefore, further **RECOMMEND** that the Attorney General make an effort to determine whether that facility would be a "suitable" one under 18 U.S.C. § 4247(i)(C).

The Court further **RECOMMENDS** that Yeh's "Request for Immediate Discharge from the Custody of the Attorney General Due to Impossibility of Attaining Competency in the Foreseeable Future" and "Motion to Dismiss Indictment" (Instrument no. 29) be **DENIED**. In the opinion of this Court, the District Court has no authority to limit the initial time the Attorney General maintains custody of a Defendant under § 4241(d). See United States v. Shawar, 865 F.2d 856, 861 (7th Cir. 1989)  In regard to Yeh's Motion to Dismiss, it is premature to even consider such a Motion until the evaluation period has been completed. Id.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **September 1, 2006** in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____15th_____ day of August, 2006.

_____
John R. Froeschner
United States Magistrate Judge